UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— x

**PENA**,                                :
                                         :
                        Petitioner,      :
                                         :       1:18-cv-4849-ALC
           -against-                     :       OPINION AND ORDER
                                         :
**BELL**,                                :
                                         :
                        Respondent.      :
                                         :
——————————————————————— x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  __2/11/2021__

ANDREW L. CARTER, JR., District Judge:

On May 23, 2018, Petitioner Michael Pena filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 75-year sentence for three counts each of first degree criminal sexual act and predatory sexual assault[1]. ECF No. 1. For Ground One, Petitioner argues ineffective assistance of counsel based on counsel's failure to preserve an objection that his sentence violated the Eighth Amendment. ECF No. 1 at 5-6. For Ground Two, Petitioner argues that his due process rights were violated by the state courts' conclusion that his Eighth Amendment claim was procedurally barred because he did not raise the issue before the trial court. ECF No. 1 at 6-7. He characterizes the Court of Appeals as requiring "trial counsel [to] divine what the sentence would be" and "produce government sentencing statistics [to permit comparison to that given Pena] at sentencing that weren't published". ECF No. 1 at 7. Pena indicated that these arguments had not been presented to any state court prior to Pena filing his Petition.

On December 10, 2018, Judge Louis L. Stanton issued an order directing Petitioner to amend the complaint to allege any facts showing that he had indeed exhausted his available state

---

[1] The Petition was initially filed in the Northern District of New York. Because the sentence was imposed in the New York Supreme Court, Chief Judge Glenn T. Suddaby ordered the case transferred to the Southern District of District of New York. ECF No. 4.

court remedies, or showing why his failure to exhaust should be excused. ECF No. 6 at 5. On February 6, 2019, Pena filed an Amended Petition that concedes the two grounds on which he seeks relief are unexhausted but raises two possible bases to excuse his failure to exhaust. ECF No. 7. Petitioner contends this failure to exhaust should be excused because "Petitioner had the same attorney for his trial, Direct Appeal, and assistance from the same attorney for this Federal Habeas Corpus" petition, so counsel would not have brought a claim of his own ineffectiveness on direct appeal, and "counsel was ineffective for failing to exhaust all of Petitioner's State remedies as he falsely told Petitioner all his State remedies had been exhausted." ECF No. 7 at 10.

Upon careful consideration, the Court concludes that Petitioner has not shown that his failure to exhaust his ineffective assistance of counsel claims is excusable or shown cause for procedural default of his Eighth Amendment Claim. The Amended Petition is therefore DISMISSED.

BACKGROUND

On the morning of August 19, 2011, in the Inwood section of Manhattan, Pena, an off-duty New York City police officer, raped, sodomized and sexually assaulted a 25-year-old teacher at gunpoint with his service weapon. Bystanders observed the attack, which occurred at around 6:00 a.m. in the courtyard of a residential building, and called the police, who arrived and arrested Pena.

By New York County Indictment No. 4162/11, filed on August 29, 2011, a grand jury charged Petitioner with five counts of Predatory Sexual Assault in the First Degree (two for threat and use of a loaded gun while committing rape; two for same during forcible contact between Petitioner's penis and the victim's mouth; one for same during forcible contact between Petitioner's penis and the victim's anus), two counts of Rape in the First Degree (vaginal penetration), and three counts of Criminal Sexual Act in the First Degree (two for forcible contacts between

Petitioner's penis and the victim's mouth; one for forcible contact between Petitioner's penis and the victim's anus).

On March 27, 2012, a jury convicted Pena of three counts of Predatory Sexual Assault and three counts of Criminal Sexual Act in the First Degree. The jury deadlocked on two counts of Rape in the First Degree and two corresponding counts of Predatory Sexual Assault.

On May 7, 2012, the court sentenced Petitioner on the six charges stemming from the above-described convictions. Petitioner was sentenced to a term of 25 years in prison followed by 20 years of post-release supervision on each of the three counts of criminal sexual act for anally raping the victim and twice penetrating her mouth with his penis. Petitioner was sentenced to 25 years to life in prison on each corresponding count of predatory sexual assault for threatening the victim with his loaded gun during the criminal sexual acts. Each of the three sentences imposed for the criminal sexual acts was run concurrently to the sentence for the corresponding predatory sexual assault, and the three "pairs" of sentences were run consecutively to each other, yielding an aggregate term of 75 years to life.

On June 21, 2012, Pena pleaded guilty to the four counts on which the jury had deadlocked. On July 16, 2012, the court sentenced him to 10 years in prison followed by 20 years of post-release supervision on each of the two rape counts, and 10 years to life on each of the two corresponding predatory sexual assault counts. The court ordered all four of those sentences to run concurrently to each other and to the other sentences previously imposed. Petitioner is currently incarcerated pursuant to those judgments.

Pena appealed his aggregate prison sentence. Before the Appellate Division for the First Department, he argued that his sentence was cruel and unusual punishment under the Eighth Amendment; that the trial court erred under state law in running his counts of predatory sexual

3

assault to run consecutively; and that the Appellate Division should review and reduce the aggregate sentence in the interest of justice. But on March 26, 2015, the Appellate Division affirmed the trial court's judgment. Specifically, it held that "[t]he court lawfully imposed consecutive sentences for [Petitioner]'s three predatory sexual assault conviction"; declined to review Pena's Eighth Amendment claim because he "did not preserve his claim that his aggregate sentence was unconstitutionally excessive", and rejected it on the merits in the alternative; and concluded there was "no basis for reducing the sentence in the interest of justice". *People v. Pena*, 126 A.D. 3d 618, 618-19 (1st Dep't 2015).

On November 4, 2015, the New York Court of Appeals granted Petitioner leave to appeal. *People v. Pena*, 26 N.Y. 3d 1042 (2015). Here, Pena sought review of whether his aggregate sentence violated the Eighth Amendment of the federal constitution. *People v. Pena*, 28 N.Y.3d 727, 729 (2017). Additionally, for the first time, he also contended that his sentence violates Article I, Section 5 of the New York Constitution. *Id.* On February 14, 2017, the Court of Appeals affirmed the Appellate Division's decision. *Id.* Specifically, it held that Petitioner "failed to preserve his [Eighth Amendment] claim that the sentence imposed by the [trial] court was 'cruel and unusual.'" *Id.* at 730. It also held that Petitioner did not satisfy an exception to New York's rule for preserving issues for appeal. *See id.*

On May 23, 2018, Petitioner filed his initial Petition in the Northern District of New York, which subsequently transferred the action here. ECF No. 4. By order dated December 10, 2018, Judge Stanton granted Petitioner leave to file an amended petition in which he alleged facts showing that he either exhausted his available state-court remedies with respect to his grounds for relief or that the Court should excuse the exhaustion requirement. ECF No. 6.

On February 6, 2019, the Court received Petitioner's Amended Petition. ECF No. 7. In Ground One, Petitioner claims that he was denied his "Due Process Right to a 'fair trial' as enumerated under the Eighth Amendment to the United States Constitution" and that his counsel was ineffective in failing to preserve an objection under that Amendment in the state courts. ECF No. 7 at 6. In Ground Two, Petitioner claims a due process violation because the New York Court of Appeals "decided that counsel was obligated to foresee that Petitioner would be sentence to the maximum possible term and failed to make the 8th Amendment argument even before sentence was imposed". ECF No. 7 at 8. Finally, in Ground Three, Petitioner contends that, with respect to his ineffectiveness claim, he should be excused from the requirement of exhaustion because he could not have raised an ineffective assistance of counsel claim on direct appeal because he had the same counsel at trial as on direct appeal; and that same counsel "falsely told Petitioner all his State remedies had been exhausted". ECF No. 7 at 10. On June 22, 2019, Respondent filed an opposition, ECF No. 15, to which Petitioner replied, ECF Nos. 16-17.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a state prisoner may seek habeas corpus relief in federal court "on the ground that he is in custody in violation of the Constitution . . . of the United States." 28 U.S.C. § 2254 (a). However, before a federal court can consider a habeas application brought by a state prisoner, the habeas applicant must exhaust all of his state remedies. *See* 28 U.S.C. § 2254(b) (1)(A ); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). "[E]xhaustion of state remedies requires that [a] petitioner fairly present federal claims to the state courts in order to give the [s]tate the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted)); *see also*

*Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). The exhaustion requirement is animated by "notions of comity between the federal and [s]tate judicial systems." *Strogov v. Attorney Gen. of N.Y.*, 191 F.3d 188, 191 (2d Cir. 1999).

In order to exhaust state-court remedies for the purpose of federal habeas corpus review, a person convicted in a New York trial court must appeal his judgment of conviction in the New York Supreme Court, Appellate Division. *See* N.Y. Crim. Proc. Law § 460.70. Should that court's decision adversely affect him, he should then seek leave to appeal in the New York Court of Appeals, the highest New York State court. *Id*. at § 460.20; *see Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). But if a person's time to appeal directly has expired, or he has not raised his grounds on direct appeal, he may still be able to exhaust his state-court remedies by including his claims in a postconviction motion filed in the trial court under N.Y. Crim. Proc. Law § 440.10 or § 440.20, seeking to vacate the judgment of conviction (§ 440.10) or to set aside his sentence (§ 440.20). If this motion is denied, the person could then seek leave to appeal the motion's denial in the Appellate Division. N.Y. Crim. Proc. Law § 450.15. In addition, when a person claims that he has received ineffective assistance of appellate counsel, he may exhaust available state-court remedies by asserting that claim in a motion for *error coram nobis* relief in the Appellate Division and, if unsuccessful, by seeking leave to appeal in the New York Court of Appeals. *See id*. § 450.90.

"[I]f the state prisoner fails to exhaust his state remedies in a manner in which, were he to return to the state courts with his unexhausted claim, those courts would find the claim barred by the application of a state procedural rule, [a federal court] 'must deem the claim procedurally defaulted.'" *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014) (quoting *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001)). "Alternatively, a procedural default occurs if the state court's rejection

of a federal claim rests on a state law ground—such as the operation of a state procedural rule—that is both 'independent of the federal question and adequate to support the judgment.'" *Id.* (citing *Clark v. Perez*, 510 F.3d 382, 390 (2d Cir.2008).

"A federal court generally is precluded from reviewing an unexhausted, procedurally defaulted claim unless the petitioner can demonstrate 'cause for the default and actual prejudice as a result of the alleged violation of federal law, or . . . that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish cause for a default, a petitioner must adduce "some objective factor external to the defense" which explains why he did not raise the claim previously. *Gonzalez v. Sullivan,* 934 F.2d 419, 422 (2d Cir.1991) (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)). The "fundamental miscarriage of justice" prong, which is met when a petitioner presents "credible and compelling claims of actual innocence", *Hyman v. Brown*, 927 F.3d 639, 656 (2d Cir. 2019), is not relevant here.

DISCUSSION

Construing Pena's claims liberally, as a Court must for a *pro se* litigant, he argues that his trial counsel offered ineffective assistance by failing to argue that his sentence was cruel and unusual in violation of the Eighth Amendment, and that his appellate counsel, the same person, was subsequently ineffective for failing to raise the ineffective assistance that occurred at trial. [2]

---

[2] Ground 2 contends that the judges of the Court of Appeals required an impossible thing of Pena in order to consider his Eighth Amendment claim: that he knew a 75-year sentence would be imposed, and that he presented comparative sentencing statistics to the trial court that were released after his sentencing. Not so. The statements Pena relies on for this argument merely explain the problem attendant to Pena's failure to preserve the Eighth Amendment argument: because the issue was never raised before the trial court, the Court of Appeals had no "record to review". ECF No. 1-2 at 33. They do not indicate that he was required to make a record with statistics that were not available to him. Furthermore, the possibility that Pena could be sentenced to 75 years was foreseeable. After all, the prosecution sought a 75-year sentence. ECF No. 1-2 at 28. The Court therefore considers this ground, in its best version, to be directed at a failure of counsel to preserve the Eighth Amendment argument.

Pena also asks the Court to excuse the default of his Eighth Amendment claim on the basis of the aforementioned ineffective assistance of counsel, and consider its merits. However, because Pena conceded his ineffective assistance of counsel claims are unexhausted, and he may yet pursue them in state court, the Court cannot reach their merits or rely on them as cause to excuse the default of Pena's Eighth Amendment claim.

    1.   Ineffective Assistance of Counsel Claims

Pena admits that the ineffective assistance of counsel claims he advances are unexhausted. "For exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.'" *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 1997) (citing *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991)). Here, Pena still has the option to make a CPL 440.20 motion. *See* CPL § 440.20 (allowing a motion "at any time after the entry of a judgment"). He may also seek a writ of *error coram nobis* claiming ineffective assistance of appellate counsel, which "may be brought 'at any time.'". *Ikker v. Taylor*, No. 08-CV-3301(JG), 2008 U.S. Dist. LEXIS 98307, 2008 WL 5110866, at *6 (E.D.N.Y. Dec. 3, 2008). Accordingly, the Court cannot conclude that Pena's ineffective assistance of counsel claims would be procedurally barred by state court.

Even if the Court concluded Pena's ineffective assistance of counsel claims were procedurally barred and therefore defaulted, the outcome would not be better for Pena. This is because he would have to "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. Pena has not done so.

Pena's principal explanation for the cause of default is that appellate counsel could not have argued trial counsel was ineffective because they are the same person. This, however, does

not explain why Pena did not exhaust his ineffective assistance of appellate counsel claim by a collateral attack on the sentence before coming to federal court, which he has done *pro se*. *See e.g.*, *McCrae v. Artus*, 2012 U.S. Dist. LEXIS 124726, 2012 WL 3800840 at \*29 (rejecting petitioner's assertion that ineffective of appellate counsel demonstrated good cause because, "even assuming petitioner's trial counsel was deficient and that his appellate counsel was deficient in failing to raise certain issues on appeal, neither explains why petitioner came to federal court before filing a § 440 collateral attack or writ of *coram nobis*."); *Redd v. Woughter*, No. 09 Civ. 9819 (JGK), 2010 U.S. Dist. LEXIS 128182, 2010 WL 4983169, at \*1 (S.D.N.Y. Dec. 3, 2010) (finding no good cause where petitioner provided no reason for not exhausting his ineffective assistance of appellate counsel claim before bringing his current habeas petition). *³*

Nor does Pena's argument that he received "ineffective assistance of counsel" as to whether he exhausted his claims suffice as a cause for default. Pena seems to argue that he got bad advice from former counsel, so he mistakenly believed he had exhausted his state remedies.⁴ However, "'inadvertent failure' to exhaust claims based upon a *pro se* petitioner's ignorance of the law does not justify excusing petitioner's failure to comply with the rules governing habeas petitions." *Burroughs v. Griffin*, No. 9:13-CV-1505 TJM/ATB, 2014 U.S. Dist. LEXIS 104318, 2014 WL 3779007, at \*1 (N.D.N.Y. July 31, 2014) (citing *McCrae v. Artus,* No. 1:10–CV–2988, 2012 WL 3800840 at \*10 (E.D.N.Y. Sept.2, 2012)); *see also Castro v. Lamanna*, No. 18-CV-3315 (RA),

---

³ *Billy-Eko v. United States*, 8 F.3d 111 (2d Cir. 1993) and *Ciak v. United States*, 59 F.3d 296, 301 (2d Cir. 1995), which Pena cites, are not on point. Those courts were reviewing federal convictions, and therefore do not deal with the "[c]omity concerns [that] lie at the core of the exhaustion requirement." *Galdamez v. Keane*, 394 F.3d 68, 72 (2d Cir. 2005).

⁴ To support this argument, Petitioner submits a letter from Ephraim Savitt, who served as his trial and appellate counsel, dated January 9, 2019. ECF No. 7 at 110-116. Contrary to Pena's characterization, this letter does not say that Pena's state remedies were exhausted as to his ineffective assistance of counsel claims. Rather, Savitt argued that "the presentation of the 'unexhausted claim' of ineffectiveness in the state forum would [have been] futile." *Id*. at 116. Regardless, any advice in this letter was given *after* Pena's Petition was filed and he was ordered to amend his complaint by Judge Stanton. It could not justify his filing without exhausting remedies in the first instance.

2019 U.S. Dist. LEXIS 10904, 2019 WL 293388, at *2 (S.D.N.Y. Jan. 22, 2019) (concluding "[p]etitioner's ignorance of the law" is not "good cause" for failure to exhaust and collecting cases to same effect).

In sum, given that Pena may still press his ineffective assistance of counsel claims in state court, they are dismissed without prejudice. Even if these claims were deemed exhausted and defaulted this Court would not review them because given Petitioner's failure to show good cause.

2.  Eighth Amendment Claim

There is no question that Pena's Eighth Amendment claim is procedurally defaulted. A federal court cannot review a habeas petition "when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman,* 501 U.S. at 729). The contemporaneous objection rule is well-established as an independent and adequate state-law ground barring federal habeas review, so long as it is not "exorbitant[ly] misapplied." *Downs v. Lape*, 657 F.3d 97, 102 (2d Cir. 2011). That is the rule on which the Court of Appeals relied in denying Pena's Eighth Amendment Claim. This Court sees no misapplication, nor has Petitioner contended that is the case. Accordingly, the Court concludes Pena's Eighth Amendment claim is procedurally defaulted.

The Court may excuse this default if Pena shows "cause for the default and actual prejudice as a result of the alleged violation of federal law". *Coleman*, 501 U.S. at 750.  Cause may be demonstrated with "a showing that . . . the procedural default is the result of ineffective assistance of counsel." *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted). However, it is well-established that in order for a habeas petitioner to claim ineffective assistance of counsel as "cause"

for his default he must have raised and exhausted it as a separate claim in state court. *Murray*, 477 U.S. at 488-89; *see also DiSimone v. Phillips*, 461 F.3d 181, 191 (2d Cir. 2006).

Because Pena admits he has never raised any claim about ineffective assistance of counsel in state court, he cannot rely on those claims to show cause for his default. The Court therefore dismisses this claim without prejudice so that Pena may exhaust his ineffective assistance of counsel claim.

3.   Stay Pending Exhaustion

The Government suggests that his Court stay this matter while Pena exhausts his remedies. *See* Response at 17 ("[T]his Court should hold the petition in abeyance so that petitioner can file the appropriate motion in state court.") District courts may stay a habeas petition where the petitioner can demonstrate that: (1) good cause exists for failing to exhaust the claims previously, (2) the claims are potentially meritorious, and (3) the petitioner did not intentionally engage in dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Because Pena has not shown good cause for failing to exhaust, a stay is not warranted.

## CONCLUSION

For the reasons above, the Amended Petition is therefore DISMISSED without prejudice. The Clerk of Court is respectfully directed to mail this Opinion and Order to Petitioner and close this case.

Dated: New York, New York
February 11, 2021

_____
ANDREW L. CARTER, JR.
United States District Judge